# United States Court of Appeals
## For the First Circuit

_____

No. 24-1147

CASSANDRA TUCKER; EDWARD F. BRODIE,

Petitioners - Appellants,

v.

DANIEL I. WERFEL, Commissioner, Internal Revenue Service,

Respondent - Appellee.

_____

Before

Gelpí, Montecalvo and Rikelman,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: January 6, 2025

     Petitioner-appellants Cassandra Tucker and Edward F. Brodie seek review of rulings by the United States Tax Court. We have appellate jurisdiction to review the relevant decisions. <u>See</u> 26 U.S.C. § 7482(a)(1).

     We review the Tax Court's legal conclusions de novo and its findings of fact for clear error. <u>See</u> <u>Drake</u> v. <u>Comm'r</u>, 511 F.3d 65, 68 (1st Cir. 2007) ("Our review of the Tax Court's decision is in most respects similar to our review of district court decisions: factual findings for clear error and legal rulings *de novo*."). We have observed that "the burden is usually on the taxpayer to demonstrate that" the tax court's "ruling is wrong." <u>Schussel</u> v. <u>Werfel</u>, 758 F.3d 82, 87 (1st Cir. 2014).

     We read the arguments of the pro se petitioner-appellants liberally. <u>See</u> <u>Erickson</u> v. <u>Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). We consider only those arguments that petitioner-appellants have developed on appeal. <u>See</u> <u>United States</u> v. <u>Nishnianidze</u>, 342 F.3d 6, 18 (1st Cir. 2003) (pro se appellants may waive challenges through a failure to develop them on appeal).

      We identify two challenges, the first a substantive challenge to the tax court's upholding of the disallowance of a claimed deduction for utility expenses in taxable years 2015, 2016, and 2017, and the second a procedural challenge to the tax court's inclusion and/or computation of petitioner-appellants' tax for a qualified plan distribution in taxable year 2016. Applying the appropriate standards of review, we conclude that petitioner-appellants have not offered any compelling argument for error. For the first challenge, petitioner-appellants have not cast any doubt on the tax court's reliance on the limitation contained at 26 U.S.C. § 280A(c)(5) or the tax court's alternate conclusion that petitioner-appellants did not substantiate the relevant expenses. For the second challenge, petitioner-appellants conceded before the tax court that they were subject to a 10% IRA distribution penalty (reduced by $1,000 per the parties' agreement), and they have not shown either that their stipulation to that effect should be disregarded or that there was any procedural error in the tax court's reliance thereon.

      The judgment is hereby **AFFIRMED**. <u>See</u> Local Rule 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Cassandra Brodie
Edward F. Brodie
Bruce R. Ellisen
Francesca Ugolini
David A. Hubbert
Andrew W. Amend